US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 02 2013
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                           PLAINTIFF

VS.                            CASE NO. 13-3068

RHONDA WATKINS & STATE OF ARKANSAS                      DEFENDANT

## COMPLAINT AND JURY DEMAND

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Section 1983 claim against the above-named Defendants for depriving Plaintiff of access to appellate courts.

### Jurisdictional Statement

This Court has personal jurisdiction over the Defendants because the actions complained about in this Complaint occurred in the city of Harrison, AR.

This Court has subject-matter jurisdiction pursuant to 42 U.S.C. Sec. 1983, which allows federal courts to adjudicate whether or not a state officer's actions deprive a citizen of a right under the U.S. Constitution.

### Nature of Case

Plaintiff had attempted to file three *pro se* lawsuits in the Boone County Circuit Court: A legal malpractice action against the Boone County Public Defender's Office for $77,000, an attempt to collect a debt owed to Plaintiff in the amount of $5,786, and a false arrest and false imprisonment suit against Boone County demanding damages of... well... a lot of money (let's just put it that way).

Judge Gordon Webb of the Boone County Circuit Court denied all three of the *in forma pauperis* applications and subsequently dismissed the Complaints stated therein. These orders were then served on Rhonda Watkins – the Boone County Circit Clerk – who proceeded to file

mark these orders and the complaints to which they referred, but never actually filed them under case numbers.

Because Watkins did not do her job of giving case numbers to these cases, Plaintiff is unable to appeal the decisions. Subsequently, a private citizen burdened with an identical duty would obviously be liable to Plaintiff for the permanent loss of these lawsuits, and by proxy, the damages requested in each. The only question remaining is... can a *public official* be held similarly liable?

## Eleventh Amendment Immunity

Neither the State of Arkansas nor Rhonda Watkins are immune from suit in this case. The injury that the Defendants have caused Plaintiff is... deprivation of access to the court system.

This issue is controlled by the precedent of *Tennessee v. Lane*, 541 US 509 (2004), which held two things:

1. Access to the courts (whether trial or appellate in function) is a fundamental right.
2. No one – not even *the courts themselves* – enjoys Eleventh Amendment immunity when access to the courts is in controversy.

Therefore, the Defendants do not have the defense of Eleventh Amendment Immunity in this case.

## Judicial Immunity

Plaintiff is not suing Gordon Webb for denying and dismissing the lawsuits; he is suing Rhonda Watkins for neglecting her duties as the Circuit Clerk. Rhonda Watkins' duties are purely ministerial in nature. Therefore, she is not entitled to judicial immunity. See *Maness v. Dist. Court, Logan County, Northern Division*, 495 F. 3d 943 (8th Cir. 2007) (Arkansas State Clerks do not have absolute quasi-judicial immunity).

## Qualified Immunity

That same precedent, however, does state that the Clerks enjoyed *qualified* immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See *Maness* at 944.

Watkins' actions, in this case, violate a clearly established constitutional right. As established above, access to the Courts is precisely just such a right, and since it is established by highly-cited and well-known (at least in the legal community) Supreme Court precedent, a reasonable person would know of the existence of this right.

Even if you are not a lawyer, the fact that court-access is a fundamental right is a matter of common sense. It is part of the First Amendment right to petition the government for a redress of grievances.

Whether she did this on purpose or not is legally irrelevant. In federal courts, qualified immunity is not lost by a showing of malice, but by showing that the Defendant's actions violated clearly established law. It can be by accident, as long as there is no ambiguity that the action – whether by accident or design – was tortuous to the Plaintiff.

## On the merits, *Maness* is distinguishable.

Although the *Maness* case seems to bar Plaintiff's claim, here, but it really does not. In *Maness*, the Plaintiff was suing the Clerks' Office for not performing an action that was *his* responsibility to perform (that is... presenting the appellate *in forma pauperis* application to a judge for review). The complaint was dismissed for want of a legal obligation on the part of the Defendants to even be violated.

Here, the duty to act clearly rested with Rhonda Watkins. Everyone knows that, when a

case gets opened up by written pleading, it must receive a case number, and it is the Circuit Clerk's job to give it a case number, not the Plaintiff's.

Therefore, *Maness* does not bar this action.

### Relief Requested

Plaintiff seeks the following relief:

1. Injunctive relief ordering Defendant to cease and desist the conduct complained of in this Complaint.

2. Damages, equal to the amount of the lawsuits that could not be appealed (since this case will not be finished in time for Plaintiff to file an appeal normally, the cases are doomed to be permanently lost).

3. In the event that, by some miracle, the issue is resolved fast enough that Plaintiff can subsequently file a timely appeal in these cases, Plaintiff requests damages in the amount of the pre-judgment interest to which Plaintiff would otherwise be entitled.

### Jury Demand

In the event that a trial is needed to adjudicate the facts of this case, Plaintiff asks that the trial be held by a jury of his peers.

### Conclusion

Wherefore, premises considered, Plaintiff respectfully requests that the above-requested relief be granted to him, costs incurred be awarded, and any other relief to which he may be entitled.

/s/ David A. Stebbins
David A. Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601



NORTHWEST AR 727 OF
AR 727 1 L
01 JUL 2013 PM

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701

72701$5353