# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

September 03, 2013

Mr. David Anthony Stebbins
Apt. D
123 W. Ridge Street
Harrison, AR  72601

      RE:   13-2943  In re: David Stebbins

Dear Mr. Stebbins:

      We have assigned your petition for a writ the case number shown above. Your case will be referred to a panel of judges for review. We will promptly advise you of the Court's ruling.

      Please note that service by pro se parties is governed by Eighth Circuit Rule 25B. A copy of the rule and additional information is attached to the pro se party's copy of this notice.

      On June 1, 2007, the Eighth Circuit implemented the appellate version of CM/ECF. Electronic filing is now mandatory for attorneys and voluntary for pro se litigants proceeding without an attorney. Information about electronic filing can be found at the court's web site www.ca8.uscourts.gov. In order to become an authorized Eighth Circuit filer, you must register with the PACER Service Center at https://www.pacer.gov/psco/cgi-bin/cmecf/ea-regform.pl. Questions about CM/ECF may be addressed to the Clerk's office.

                                                  Michael E. Gans
                                                  Clerk of Court

EDG

Enclosure(s)

cc:      Mr. Christopher R. Johnson

         District Court/Agency Case Number(s):   3:13-cv-03068-PKH

**Caption For Case Number:   13-2943**

In re: David Anthony Stebbins

    Petitioner - Plaintiff

**Addresses For Case Participants:   13-2943**

Mr. David Anthony Stebbins
Apt. D
123 W. Ridge Street
Harrison, AR  72601

Mr. Christopher R. Johnson
U.S. DISTRICT COURT
Western District of Arkansas Clerk's Office
Suite 510
35 E. Mountain Street
Fayetteville, AR  72701-5354

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Case No. 13-_____

in re David Stebbins            )
                                )   on Petition for Writ of Mandamus
                                )

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus.

### Relief Sought

1. Petitioner seeks an order of this Court to force the U.S. District Court for the Western District of Arkansas ("the District Court") to issue a ruling on Plaintiff's two-month-old *in forma pauperis* application in Case No. 13-3068 in their court.

### Issues Presented

2. Is two months too long for an application for leave to proceed *in forma pauperis* to remain on the Court's docket?

3. Are the matters being pled so complicated that their consideration in an *ex parte* motion actually justifies two months of research?

### Facts

4. On July 1, 2013, The Boone County Circuit Court (note: I said "court," not "clerk") entered three orders denying *in forma pauperis* application.

5. The Boone County Circuit *Clerk* (as opposed to "Court") refused to file the orders or give them case numbers. This prevented Plaintiff being able to file a notice of appeal with the Circuit

Clerk, which is required in order to perfect an appeal under Rule 3(b) of the Arkansas Rules of Appellate Procedure – Civil.

6. Because Plaintiff was deprived of his fundamental right to an appeal in the State Court, Plaintiff filed a complaint in the federal courts against the leader of the State Clerks' Office, Rhonda Watkins, for damages, but also for injunctive relief, demanding that the Boone County Circuit Clerk receive the Notices of Appeal and process the appeals, and also that the Arkansas Court of Appeals and Supreme Court proceed with disposing of the appeals despite the lack of timeliness. Plaintiff felt that this relief was reasonable under *Ex parte Young*, 209 U.S. 123 (1908).

7. In support of whether or not Plaintiff has alleged sufficient facts, Plaintiff cites the persuasive precedent of McCray v. State of Maryland, 456 F. 2d 1, 6 (4th Cir. 1972).

> "If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. See *Boddie v. Connecticut*, 401 U.S. 371, 376, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (access to courts protected by due process clause); *Chambers v. Baltimore & Ohio Railroad Co.*, 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907) (access to courts is a privilege of American citizenship protected by the Fourteenth Amendment); *Ginsburg v. Stern*, 125 F.Supp. 596, 601 (W.D.Pa.1954) (clerk's failure to file papers would be a "patent" violation of constitutional rights) (dictum). Cf. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) (access to courts is "part of the right to petition protected by the First Amendment"). Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983."

8. On August 28, 2013, The Circuit Court (again Court, as in, Judge) issued three more orders just like the ones spoken of above, meaning that Plaintiff is continuously suffering prejudice as a result of the Clerks' refusal to allow Notices of Appeal to be filed pursuant to Rule

3(b) of the Arkansas Rules of Appellate Procedure – Civil.

### Reasons for Issuing the Writ

9. Plaintiff has filed numerous petitions with this Court in an attempt to combat the District Court's consistent pattern of procrastination. Typically, once these Petitions were filed, the District Court would finally do their jobs, and the petitions would be denied as moot, but that is not the point of this section.

10. The point is, Plaintiff has repeatedly explained the merits behind petitions for writs of mandamus that are designed to end district court procrastination. Over and over again. Ad nauseum. The arguments contained in those petitions are hereby incorporated by reference.

11. As far as whether or not the procrastination is unjustified in this specific case, let Plaintiff remind the Court that this is, indeed, a settled issue. Clerks do not possess judiciary immunity; see *Maness v. Logan County Dist. Court* (cited in District Court complaint), and qualified immunity only protects them if adequate state remedies are available (see *Maness* also). The District Court Judges usually try to justify their procrastination by saying that Plaintiff's allegations are "complex" and "novel," but they are not so here.

### Conclusion

12. Wherefore, premises considered, Plaintiff hopes that this petition is granted (or at least, that the mere filing of this petition causes the District Court to start doing its job).

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com