IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                    PLAINTIFF

     v.                              Civil No. 13-3068

RHONDA WATKINS, Boone
County Circuit Clerk; and
the STATE OF ARKANSAS                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

     David Stebbins submitted this *pro se* action for filing under the provisions of 42 U.S.C. §
1983.  He has also filed a motion for leave to proceed *in forma pauperis* (IFP)(Doc. 2) under 28
U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(e)(2) the court has the obligation to screen any complaint
in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).  On review, the
court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious,
or fails to state a claim upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.

     **1.  Background**

     According to the allegations of the complaint, Plaintiff filed three lawsuits in the Boone
County Circuit Court.  He submitted IFP applications with each complaint.

     Judge Gordon Webb denied all three IFP applications and "subsequently dismissed the
Complaints." (Doc. 1 at pg. 1).  While Rhonda Watkins, the Boone County Circuit Clerk, filed the
complaints and orders, Plaintiff alleges she did not assign case numbers.  Because of her failure to
assign case numbers, Plaintiff states he is "unable to appeal the decisions."

-1-

AO72A
(Rev. 8/82)

## II.  Discussion

This case is subject to dismissal.  First, Stebbins' claims against the State of Arkansas are subject to dismissal.  The claims are barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58  (1989).  "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

In his complaint, in apparent anticipation of the Court's screening of the complaint, Plaintiff asserts that Eleventh Amendment immunity, so far as its applies to access to the courts claims, has been abrogated by the case of *Tennessee v. Lane*, 541 U.S. 509 (2004).  This case dealt with the Americans with Disabilities Act and found that Title II of that Act abrogated the Eleventh Amendment immunity of the states.  It has no applicability to this case filed under a completely different statute, 42 U.S.C. § 1983.

Second, his claims against Rhonda Watkins, the Boone County Circuit Court Clerk, are also subject to dismissal.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted); *see also Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of

AO72A
(Rev. 8/82)

a judge or according to court rule).  However, assigning a case number would appear to be a ministerial act rather than a discretionary function.  Thus, Watkins would not enjoy absolute quasi-judicial immunity from suit.  *See Antonoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436-37 (1993)(when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function).

However, qualified immunity has been extended to court clerks for ministerial acts.  *See e.g., Maness*, 495 F.3d at 944.  Although Plaintiff seeks to distinguish the *Maness* case, his efforts are unavailing.  In *Maness,* the Plaintiff, Richard Maness, maintained that the Circuit Court Clerk, Everly Kellar, refused to file his appeal for lack of a filing fee and refused to present his application to proceed IFP to the circuit judge.  As a result, Maness' appeal was dismissed.

The Court of Appeals for the Eighth Circuit found that "Maness's claim of access to the courts fails because he cannot show actual injury or prejudice based on Clerk Keller's ministerial decision to not present his petition to a judge."  *Id.* at 945.  It reached this conclusion for two reasons.  *Id.*  "First, the Arkansas state courts have made it clear that responsibility for perfecting an appeal rests on the appellant in total and that placing blame on the clerk does not excuse an appellant's failure to do so."  *Id.*  (citations omitted).  "Secondly, we agree with Judge Easterbrook's reasoning in *Snyder v. Nolen,* [380 F.3d 279 (7th Cir. 2004], and find that Maness has not stated a claim for violation of a right of access to the court, 380 F.3d at 292-93 (writing that no claim for access to the courts was stated based upon the fact that the appellant could have appealed the clerk's refusal of his petition within the state system but failed to take advantage of the remedies available to him)."  *Maness*, 495 F.3d at 945.  The Eighth Circuit concluded that "[b]ased on Arkansas law that places the responsibility for perfecting an appeal on the appellant

-3-

and Maness's apparent failure to pursue any sort of relief in the state courts, before filing the federal claim, we find no violation of Maness's constitutional right of access to the courts." *Id.*

The reasoning of *Maness* clearly applies to this case.  Plaintiff has alleged that he attempted to obtain relief from the state courts in connection with Watkins' refusal to assign a case numbers to his complaints.

### III.  Conclusion

I therefore recommend that the motion to proceed IFP (Doc. 2) be denied and the complaint be dismissed.  28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-4-