U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 16 2013
CHRIS R. JOHNSON, CLERK
BY
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                PLAINTIFF

VS.                             CASE NO. 13-3068

RHONDA WATKINS & STATE OF ARKANSAS                     DEFENDANT

## MOTION TO AMEND PLEADING OR IN THE ALTERNATIVE TO MERGE CASES

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for leave to amend his Complaint in this case, or in the alternative, to merge it with Case No. 12-3022 in this Court.

1. Since having filed this lawsuit, Plaintiff has continued to seek advice of various attorneys, to see if there was a possible remedy at the state level that previous lawyers may have overlooked. So far, no attorney seems to know of such a remedy, but that is not the point of this motion.

2. On the date of August 30, 2013, Plaintiff entered the law offices of Jason Robb, hoping to add him to the list of attorneys who unanimously vouched for the nonexistence of any remedy for Plaintiff's plight (as discussed in Paragraphs #4 – 11 of Plaintiff's Objection to Magistrate Judge's Report & Recommendation, being filed simultaneously with this motion). Unfortunately, Robb was not present that day, but his paralegal was.

3. This paralegal looked at the orders denying the applications for leave to proceed *in forma pauperis*, and was confused as to why they lacked case numbers. To her, this was out of the ordinary.

4. This can only mean one thing: Plaintiff's inability to obtain case numbers is not because it is the "policy" of the Boone County Circuit Court to not give them to IFP denials; instead, Plaintiff is being singled out for special adverse treatment by the Clerks office.

## APPLICABLE LAW AND ARGUMENT

5. This, of course, begs the obvious question of ... *why*? Why would they single Plaintiff out for special adverse treatment?

6. Fortunately, we already know the answer to this, because the State of Arkansas and those working with and for her have already confessed to a particular motive: They oppose Plaintiff's history of litigation. Plaintiff already has evidence that the criminal charges which were filed against Plaintiff were done in an attempt to coerce Plaintiff to stop filing lawsuits, and they have already confessed to same (yes, *confessed*).

7. About 75% of these lawsuits were filed under the Americans with Disabilities Act. For this reason, they fall within the protection of 42 USC § 12203.

8. Therefore, the Clerks' decision to not assign case numbers to these cases – assuming this decision was not the Clerks' standard way of doing things and was indeed motivated by Plaintiff's history of ADA litigation – is unlawful retaliation in violation of Title II, and Section 503, of the Americans with Disabilities Act.

9. Therefore, this case now falls squarely within the precedent of *Tennessee v. Lane*, even if it didn't previously, as the Magistrate Judge opined.

10. This also defeats the *Maness* precedent. Whereas before, this case was merely distinct from *Maness* (see Plaintiff's "Objecton to Magistrate Judge's Report & Recommendation), it is now a completely different case altogether. It used to be a Section 1983 claim; now it is one implicating the Americans with Disabilities Act. Now, *Maness* has no more to do with this case than the precedent of *United States v. Windsor*, 570 U.S. ___ (2013).

## RELIEF REQUESTED

11. For the aforementioned reasons, Plaintiff requests that the Court do one of the following:

(a) Amend this Complaint so as to include a cause of action for ADA retaliation.

(b) Merge this complaint with Case No. 12-3022, adding both Rhonda Watkins and the State of Arkansas[1] as defendants thereof. This could also work, since both Boone County and the State of Arkansas were working in tandem to coerce Plaintiff to stop standing up for him-self by filing ADA lawsuits, so a merger of those cases could work.

12. Wherefore, premises considered, Plaintiff respectfully requests that either or both of the above-requested relief be granted. So requested on this 13th day of September, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

---

[1] Because, if this is an ADA retaliation case and not simply a Section 1983 claim, then the State loses any 11th Amendment immunity it may or may not have otherwise had. See *Tennessee v. Lane*, 541 U.S. 509 (2004)