U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 1 6 2013
CHRIS R. JOHNSON, CLERK
BY
           PD

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS

VS.                    CASE NO. 13-3068

RHONDA WATKINS & STATE OF ARKANSAS                    DEFENDANT

### OBJECTION TO REPORT & RECOMMENDATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Report & Recommendation.

**"Burden rests on appellant in total" is unconstitutional.**

1. Arkansas law puts absolute burden of perfecting an appeal on the appellant in total. However, when this burden requires the services of people who hold a legal monopoly on those services (such as, the Clerks' filing of a notice of appeal pursuant to Rule 3(b) of the Arkansas Rules of Appellate Procedure -- Civil, or the certification of trail court records as required by those same rules), then this law is unconstitutional under the precedent of *Boddie v. Connecticut*, 401 U.S. 371 (1971) (holding that the requiring of a filing fee is unconstitutional if to require it would strip a litigant of a fundamental right) and *Tennessee v. Lane*, 541 U.S. 509 (2004) (holding that access to the courts is a fundamental right, thus placing it within the protection of *Boddie*).

2. If the State of Arkansas wants to place the burden of perfecting an appeal exclusively on the Appellant, then they need to give the Appellant access to all the tools he needs to do so, and not have to depend on other people who have a legal monopoly on those tools. If the burden of perfecting an appeal lies on the appellant in total, then so too must the *ability* to perfect it.

3. It is this Court's duty to review laws of the State of Arkansas to determine if they are unconstitutional or not, whenever a person harmed by the laws challenges their constitutionality.

See, this is called "judicial review," and it is one of the oldest precedents in this nation's history; see *Marbury v. Madison*, 5 U.S. 137 (1803).

### No state remedies exist.

4.     Maness also states that an appellant must use state remedies to resolve problems with state clerks. However, this precedent only makes any sense at all if you first assume that there is actually *is* a state remedy to be had.

5.     Here, there is none. Plaintiff contacted numerous attorneys, who advised Plaintiff that his only means of obtaining access to the appellate courts was ... to pay the filing fee. As pointed out in Plaintiff's Motion For Amendment to Order in Case No. 12-3130, Plaintiff always tries to seek the consultation of an attorney before he files a *pro se* lawsuit, and here, he has done exactly that. Plaintiff will cooperate with Defense Counsel in investigating this matter if this dispute were to ever come up in discovery.

6.     This means that the denial of the in forma pauperis application is completely unreviewable, even if the dismissal of the rest of the case wasn't.

7.     Even the Clerks themselves have admitted to the hopelessness of Plaintiff's situation. On the date of July 3, 2013, Plaintiff asked Billie Christian – the Chief Deputy Clerk of the Boone County Circuit Court – why there weren't any case numbers on these cases. She did not know, and promised to investigate the matter. Plaintiff asked her "Because, how am I supposed to appeal those decisions ... " and Christian completed Plaintiff's sentence for him by saying " ... without numbers? Right."

8.     Also, July 5, 2013, Plaintiff submitted an informal[1] copy of the Complaint in this case to Rhonda Watkins and asked her if she knew of a solution that would not require this litigation. He

---

[1] "Informal" means that it was not signed by Plaintiff or filemarked by this Court's clerk, but it was printed out from the computer file that Plaintiff originally used to file this Complaint, meaning that it was word-for-word exactly the same as what appears on Pacer in this case.

came back a week later and checked up on it. Watkins replied that she saw no solution.

9.     See, this is a clear distinction from *Maness*; in Maness, the Plaintiff had a clear state-level remedy: Present the *in forma pauperis* application directly to judge himself, bypassing the Clerks' Office altogether! Here, that was done, but Plaintiff's ability to obtain review of the unfavorable decision thereof is then, subsequently, dependent on the Clerks' actions. Without the Clerks' cooperation, no state level remedy at all can exist. That is, in fact, Plaintiff's very purpose for filing this lawsuit in the first place.

10.    When reviewing a complaint to see if it states a claim upon which relief can be granted, "[a] complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." See *Fusco v. Xerox Corp.*, 676 F. 2d 332, 334 (8th Cir. 1982). Therefore, this Court should only dismiss this action if it can take judicial notice of the existence of a state-level remedy that Plaintiff had reasonable access to, that does not in and of itself violate *Boddie v.* Conneticutt (not likely, considering the allegations made in Paragraphs #5 – 8 of this Objection).

11.    Otherwise, this Court must proceed with litigating the motion. If the Defendant's attorney can point to a state remedy…

   (a)    that Plaintiff had reason to know about, despite the facts contained in Paragraphs #5 – 8 of this Objection, and

   (b)    that is not even the least bit in violation of *Boddie v. Connecticut*, or any other constitutional right,

   … then perhaps they will ultimately be protected by qualified immunity, but that would only come on the merits of the case, not on a pre-service dismissal.

Injunctive relief was also requested.

12. Last but not least, even IF the Defendant is protected by qualified immunity, that does not protect her, even in the first instance, against prospective injunctive relief. See *Ex Parte Young*, 209 U.S. 123 (1908).

13. Plaintiff has indeed requested injunctive relief in this Complaint. See the final page of the Complaint, the "Relief Requested" section, Requested Relief #1.

14. Therefore, even if Plaintiff receives no monetary damages, he should at least enjoy an injunction against the Clerk and State of Arkansas, ordering them to …

(a)     For the Clerk to docket and file Plaintiff's notice of appeal.

(b)     For the Arkansas Appellate and Supreme Courts to hear and decide the appeal on the merits, the same as if it had been timely appealed.

15. If for no other reason than this, Plaintiff has the right to *in forma pauperis* in this case.

### Conclusion

16. To wrap up this objection, let's recap the points:

(a)     The State law that places the burden for perfecting an appeal "on the Appellant in total" is only constitutional if the perfection of an appeal does not require the services of any entity who holds a legal monopoly on those services (such as a Court Clerk). Otherwise, this Court must strike down that law as being in violation of Plaintiff's due process rights under the 14th Amendment.

(b)     The federal case law requiring Plaintiff to seek state remedies is only constitutional if a state remedy that is not in and of itself in violation of *Boddie v. Connecticut* even exists in the first place. Otherwise, that precedent is unconstitutional under the Due Process Clause of the Fifth Amendment.

(c)     If nothing else, Plaintiff is entitled to prospective injunctive relief under *ex parte Young*, 209 U.S. 123 (1908).

17. Wherefore, premises considered, Plaintiff respectfully requests that the Magistrate Judge's Report & Recommendation be rejected, and that the *in forma pauperis* application be granted. So requested this 13th day of September, 2013.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com