IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                               PLAINTIFF

v.                                Civil No. 13-3068

RHONDA WATKINS, Boone
County Circuit Clerk; and
the STATE OF ARKANSAS                                                                DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal *in forma pauperis* (IFP) (Doc. 13). Stebbins filed this action pursuant to 42 U.S.C. § 1983 on July 2, 2013. He named as Defendants the Boone County Circuit Clerk Rhonda Watkins and the State of Arkansas.

As was discussed in greater detail in the report and recommendation filed on September 4, 2013 (Doc. 6), and adopted on September 19, 2013 (Doc. 11), all of Stebbins' claims were subject to dismissal. First, Stebbins' claims against the State of Arkansas were dismissed as barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Second, Rhonda Watkins, the Boone County Circuit Court Clerk, was found to be entitled to qualified immunity. *Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks entitled to qualified immunity for ministerial acts).

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly

-1-

frivolous and/or asserted against parties immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE