U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 10 2013

CHRIS R. JOHNSON, Clerk
By
      Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                    PLAINTIFF

VS.                                     CASE NO. 13-3068

RHONDA WATKINS & STATE OF ARKANSAS                                DEFENDANT

### OBJECTION TO REPORT & RECOMMENDATION

1. Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Report & Recommendation that Plaintiff's Application for Leave to Appeal *In Forma Pauperis* be denied.

2. The Magistrate Judge based his recommendation on two grounds:

   (a) The District Court has barred any new suits except once every three months, and only if a $100 bond is paid.

   (b) This Court has already decided that the Clerks were immune from suit, and, therefore, the appeal is necessarily frivolous.

   **This appeal is not barred by the future court restrictions.**

3. The first of these grounds is entirely baseless, and just goes to prove Plaintiff's theory all along ... that these future court restrictions are not based upon concern for abuse of the legal system, but simply out of a desire to shoe Plaintiff out of the court.

4. On top of being a patent violation of Plaintiff's constitutional rights (details of Plaintiff's Appellant Brief on that appeal, which is now on Pacer, are hereby incorporated by reference), the Order, on its face, has no effect on appeals. In fact, the Order, on its face, allowed the completion of preexisting cases. See Page 5 of that order: "As Mr. Stebbins recently filed a new case in this Court on July 2, 2013, he is enjoined, pursuant to this condition, from filing **_another case_** until October 1, 2013."

5. Furthermore, even if this counted as an entirely new case, the Order, on its face, applies only to the U.S. District Court for the Western District of Arkansas, and no other courts at all. This means that Plaintiff's access to the Eighth Circuit Court of Appeals has not even been touched upon.

6. Therefore, this grounds for denial should be thrown out with gusto.

**This appeal is taken in good faith, and is based upon precedent.**

7. As an alternative grounds, the Magistrate Judge's second argument basically amounts to an argument that Plaintiff is frivolous for no other reason than ... he disagrees with the District Court. This just goes to show that these two judges are not concerned with preventing "frivolous" filings so much as they are concerned with preventing "David Stebbins" filings.

8. Simply put, the mere fact that Plaintiff disagrees with this Court is not a grounds for rejecting Plaintiff's access to the appellate courts. Even the Magistrate Judge himself provided the precedent which states this:

"[I]t is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." See *Neitzke v. Williams*, 490 US 319, 326 (1989).

9. Indeed, if mere disagreement with the District Court were all it took to invoke the provision of 28 U.S.C. § 1915(a)(3), then no appeal could ever be made *in forma pauperis*; after all, the whole point of filing an appeal is that you disagree with the District Court. Plaintiff always believed that this came without saying.

10. Plaintiff's appeal is not being made in bad faith. The claim is based upon another court case, coming from the Fourth Circuit. It is the case of *McCray v. State of Maryland*, 456

F. 2d 1 (4th Cir. 1972).

"If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded pro se pleadings, it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983." See *id* at 6 (internal citations omitted).

11. So, as you can clearly see, there is, indeed, at least one court that has sided with Plaintiff on this issue. Unless you wish to call into question the competency and/or integrity of that court, then you have to accept that Plaintiff is making a good faith argument of law, and/or a nonfrivolous argument for the reversal of existing law. Even if the Supreme Court[1] ultimately decides that the case of *McCray v. State of Maryland* was decided in error, Plaintiff's good faith reliance on this case means that any action taken pursuant to said reliance is automatically taken in an equal or greater amount of good faith.

12. The Magistrate Judge cites, for the first time in this case, the precedent of *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). This precedent, however, on its face, only applies to *state* officers, not county ones. Local governments do not have Eleventh Amendment immunity at all. Forget it being abrogated or waived; they never had it to begin with. See *Lincoln County v. Luning*, 133 U.S. 529 (1890). Now, if Ray Will were not suing the Michigan Department of **_State_** Police (emphasis on that word in bold, italics, and underlined), but rather, the Detroit Police Department, then the Supreme Court would have ruled quite differently than they actually did.

13. Here, the Boone County Circuit Court is a department of Boone County, not the State of

---

1 Because... by nature of the Appellate Courts disagreeing with one another on the issue, that means that the Supreme Court may be interested in hearing the case. See Supreme Court Rule 10(a).

Arkansas. Indeed, even the judge is a *local* government officer; if it were not for judicial immunity, he would be just as subject to suit as any other local government officer.

14. To support Plaintiff's claim that Boone County Circuit Court is an agency of Boone County, rather than the State of Arkansas, Plaintiff offers... absolutely nothing. Plaintiff will prove it eventually, but Plaintiff does not have to right now.

    "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." See Iowa *Network Services, Inc. v. Qwest Corp.*, 363 F. 3d 683, 694 (8th Cir. 2004).

15. Therefore, this Court is bound to accept, at least for the time being, Plaintiff's assertion that the Circuit Court is a local government for the purposes of determining the frivolousness of his filings.

### The Prison Litigation Reform Act is not even applicable here at all.

16. On a side note, just how does the Magistrate Judge even remotely justify his recommendation "that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act?"

17. Sure, Plaintiff has spent some time incarcerated ... for a crime of which he was never convicted ... and of which he is currently challenging the constitutionality of his confinement in Case No. 12-3022 of this Court. But what does that have to do with THIS case?! This case was filed when Plaintiff was not incarcerated, and the state cases which are the crux of this case were similarly filed when Plaintiff was not incarcerated. The Prison Litigation Reform Act has no more relevance to this case than the Defense of Marriage Act does ... or the Tucker Act ... or the Energy Policy Act of 2005.

18. This just adds further evidence of the Plaintiff's theory that Marchewski and Holmes simply just want Plaintiff off their docket and out of their lives. Marchewski is now beginning to pull completely unrelated Acts of Congress entirely out of thin air. Wherefore, premises considered, Plaintiff requests (but is not optimistic) that the Application for Leave to Appeal *In Forma Pauperis* be granted.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D

Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701

NORTHWEST AR P&DF
AR 727 2T
09 OCT 2013 PM

RECEIVED
OCT 10 2013
U S CLERK'S OFFICE